IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ABC IP, LLC, *et al.*,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>Hanes Tactical LLC, *et al.*,<br><br>　　*Defendants*. | Case No. 3:25-cv-00201-DCG<br><br>ANSWER TO COMPLAINT<br><br>Demand For Jury Trial |

Hanes Tactical LLC ("Hanes") and Damion Terrell Bennett (collectively, "Defendants") respond to the Complaint of ABC IP, LLC and Rare Breed Triggers, Inc. (collectively, "Plaintiffs") as follows.  For convenience, this Answer uses the headings used in the Complaint; however doing so is not an admission that those headings are correct or appropriate.  Every allegation not specifically admitted is denied.

PARTIES

1.　　Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶1 of the Complaint.

2.　　Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶2 of the Complaint.

3.　　Defendants admit the allegations of ¶3 of the Complaint.

4.　　Defendants admit the allegations of ¶4 of the Complaint.

5.　　Defendants admit the allegations of ¶5 of the Complaint.

JURISDICTION AND VENUE

6.　　With respect to ¶6 of the Complaint, Defendants admit that Plaintiffs brought an

action for patent infringement but deny that the action has merit.

7.  Defendants admit the allegations of ¶7 of the Complaint.

8.  Defendants admit the allegations of ¶8 of the Complaint.

9.  Defendants admit the allegations of ¶9 of the Complaint.

BACKGROUND

10. With respect to ¶10 of the Complaint, Defendants admit that Plaintiffs' lawsuit asserts contributory and induced infringement of U.S. Patent No. 12,038,247 (the "'247 Patent") but deny that the lawsuit has merit. Exhibit A to the Complaint is not a certified copy of the '247 Patent, so Defendants lack knowledge and information sufficient to form a belief regarding the remaining allegations.

11. With respect to ¶11 of the Complaint, Defendants admit that the '247 Patent issued on July 16, 2024, and that it purports to claim the benefit of a provisional application that was filed on September 8, 2022, but deny that the patent is entitled to such priority date or that the patent was lawfully and properly issued due to its invalidity.

12. With respect to ¶12 of the Complaint, Defendants admit that a purported assignment of the '247 Patent's application to ABC has been recorded at the U.S. Patent and Trademark Office but lack knowledge and information sufficient to form a belief regarding the remaining allegations.

13. Defendants lack knowledge or information sufficient to form a belief regarding the allegations of ¶13 of the Complaint.

14. Defendants deny the allegations of ¶14 of the Complaint.

15. With respect to ¶15 of the Complaint, Defendants admit that ABC's counsel sent a cease-and-desist letter to Defendants but deny that the letter had merit, as explained in their May

8, 2025 reply letter, attached herein as Exhibit 1.

## The Invention

16. With respect to ¶16 of the Complaint, Defendants admit that the '247 Patent discloses a device for accelerating the firing sequence of a semiautomatic firearm, where the device can be selected to operate in a standard semiautomatic mode or a forced-reset semiautomatic mode. The disclosed device uses a cam (which is a component that the '247 Patent discloses as separate from the selector that selects the mode of operation) that is rotated by movement of the bolt carrier to force the trigger member to reset. The '247 Patent discloses that the device can be used in AR-pattern firearms. However, Defendants deny that the '247 Patent's device is novel and the remaining allegations.

17. Defendants admit the allegations of ¶17 of the Complaint.

18. With respect to ¶18 of the Complaint, Defendants admit that the disconnector (in a standard AR-pattern firearm) holds the hammer in a cocked position until the trigger sear can engage the hammer. In a standard semiautomatic AR-pattern firearm (i.e., with no modified or customized components), this prevents the firearm from either firing multiple rounds on a single pull of the trigger or from allowing the hammer to follow the bolt carrier as it returns to battery.

19. With respect to ¶19 of the Complaint, Defendants admit that at least some forced-reset trigger designs utilize the cycling of the bolt carrier to cause the trigger member to be forced to the reset position (even where the user is maintaining and has not released pressure on the trigger).

20. With respect to ¶20 of the Complaint, Defendants admit that the '247 Patent discloses a device with two modes of operation (standard semiautomatic and forced-reset automatic) but deny that the Patent discloses an improvement in such technologies, since such

technologies were disclosed long before the '247 Patent.

21.     With respect to ¶21 of the Complaint, Defendants admit that the '247 Patent discloses a device that can operate in forced-reset mode, where a cam (which is a separate component from the mode selector) is rotated by movement of the bolt carrier to force the trigger member to reset.

The Infringing Devices

22.     With respect to ¶22 of the Complaint, Defendants admit that Hanes is offering for sale and selling a Super Safety kit and components therefor.  Defendants deny that the Super Safety embodies the technology claimed in the '247 Patent and the remaining allegations.

23.     Defendants deny the allegations of ¶23 of the Complaint.

24.     Defendants deny the allegations of ¶24 of the Complaint.

25.     Defendants deny the allegations of ¶25 of the Complaint.

26.     With respect to ¶26 of the Complaint, Defendants admit that Hanes sold and offered to sell the Super Safety kits and associated components via Facebook but deny the remaining allegations (including that the Super Safety infringes the '247 Patent).

27.     With respect to ¶27 of the Complaint, Defendants admit that Hanes sold and offered for sale a Super Safety cam and lever (that replace a standard AR-pattern safety selector) and a trigger customized to work with the Super Safety.  Defendants deny the remaining allegations.

28.     With respect to ¶28 of the Complaint, Defendants admit that Hanes sells precut trigger members made by others.  Defendants deny the remaining allegations.

29.     Defendants admit that ¶29 of the Complaint quotes 35 U.S.C. §271(c).

30.     Defendants admit that ¶30 of the Complaint quotes 35 U.S.C. §271(b) and (c). Defendants deny the remaining allegations.

31. Defendants deny the allegations of ¶31 of the Complaint.

32. Defendants deny the allegations of ¶32 of the Complaint.

33. With respect to ¶33 of the Complaint, the "Infringing Devices" are defined as the Super Safety kits sold by Hanes (see ¶21 of the Complaint); but the Super Safety kit cannot operate by itself in any mode. Furthermore, the Super Safety kit includes no separate safety selector. Therefore Defendants deny these allegations.

34. With respect to ¶34 of the Complaint, it is unclear what the referenced "user" is using and what "cam" is referenced, so Defendants lack knowledge or information sufficient to form a belief regarding these allegations.

35. Defendants deny the allegations of ¶35 of the Complaint.

36. Defendants deny the allegations of ¶36 of the Complaint.

COUNT I – INDIRECT INFRINGEMENT OF THE '247 PATENT

37. Defendants incorporate by reference the preceding paragraphs as if fully set forth herein.

38. Defendants deny the allegations of ¶38 of the Complaint.

39. Defendants deny the allegations of ¶39 of the Complaint.

40. Defendants deny the allegations of ¶40 of the Complaint.

41. Defendants deny the allegations of ¶41 of the Complaint.

42. Defendants deny the allegations of ¶42 of the Complaint.

43. Defendants deny the allegations of ¶43 of the Complaint.

44. Defendants deny the allegations of ¶44 of the Complaint.

45. Defendants deny the allegations of ¶45 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants have not infringed and do not infringe any valid and enforceable claim of the '247 Patent.

3. The asserted claims of the '247 Patent do not meet the statutory requirements of the Patent Act, 35 U.S.C. §101 *et seq.*, and thus are invalid.

4. Plaintiffs have failed to plead and prove compliance with 35 U.S.C. §287, thus limiting any damages that they may recover.

5. Plaintiffs' claims fail in whole or in part under principles of equity, including, without limitation, because of Plaintiffs' unclean hands and acts done in bad faith.

6. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

7. Plaintiffs are not entitled to injunctive relief as they, at minimum, have not suffered any irreparable injury.

8. Defendants' conduct was not the proximate cause of Plaintiffs' alleged damages.

9. Pursuant to Federal Rule of Civil Procedure 11, at the time of the filing of this Answer, all possible affirmative defenses may not have been alleged inasmuch as sufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore Defendants reserve their right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants the same.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

Dated: August 11, 2025

Respectfully submitted,

*/s/ H. Dale Langley, Jr.*
H. Dale Langley, Jr.
Texas Bar No. 11918100
Federal ID No. 25026
dlangley@iptechlaw.com
The Langley Law Firm, PC
1803 West Avenue
Austin, Texas 78701
(512) 477-3830 - Telephone
(866) 735-9129 - Facsimile

John M. Skeriotis (*pro hac vice* motion forthcoming)
jms@etblaw.com
**EMERSON, THOMSON & BENNETT, LLC**
1914 Akron-Peninsula Road
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of August, 2025, through a notice of electronic filing through the Court's CM/ECF system.

*/s/ H. Dale Langley, Jr.*
H. Dale Langley, Jr.